El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

---

PÉREZ, APELADO, v. PÉREZ ET AL., APELANTE.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 929.—Resuelto en mayo 19, 1913.

EXPEDIENTE DE DOMINIO—OPOSICIÓN—RESOLUCIÓN.—En los expedientes de dominio la misión del juez se reduce a oir las alegaciones y las pruebas de los que hayan comparecido en el expediente, para venir a declarar en definitiva si los promoventes del informativo han justificado o nó el dominio de los bienes que pretenden inscribir.

ID.—DESESTIMACIÓN DE LA OPOSICIÓN.—La pretensión del promovente de un expediente de dominio y la oposición a ella por los que la impugnan deben resolverse por una sola resolución que declare justificado o nó el dominio del terreno a favor del promovente, y comete error la corte que desestima una oposición y continúa el curso del expediente de dominio en cuanto al promovente.

ID.—OPOSICIÓN—APRECIACIÓN DE LAS PRUEBAS.—Las pruebas del promovente de un expediente de dominio y de la oposición al mismo, deben ser apreciadas conjuntamente, constituyendo error el apreciar las pruebas relativas a la oposición para desestimar ésta y reservarse el examen de las pruebas relativas a la justificación del dominio.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. José Benet.

Abogado del apelado: Sr. Angel A. Vázquez.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 15 de abril del año 1912 Herminio Pérez Vilanova promovió expediente ante la Corte de Distrito del Distrito Judicial de Mayagüez, para acreditar el dominio que alega tener en unión de nueve hermanos del mismo, sobre una parcela de terreno de catorce cuerdas, situada en el barrio de Llanos del término municipal de Lajas, y concluye su solicitud con la súplica de que por los méritos de la prueba testifical de que habría de valerse, se declare justificado a favor

del promovente y de sus hermanos el dominio pretendido a
fin de que tal resolución sirva de título para la inscripción
en el registro de la propiedad.

A la declaración de dominio solicitada se opusieron Aure-
lia Pérez Feliciano y Juana López, esta última en representa-
ción de seis hijos menores de edad, por el fundamento de que
el terreno de que se trata les corresponde por título de heren-
cia testada de Francisco Esteban Pérez Vilanova y piden en
su virtud se dicte resolución denegando la inscripción de do-
minio solicitada, con costas al promovente.

Recibidas las pruebas propuestas por ambas partes, la
Corte de Distrito de Mayagüez dictó sentencia en 30 de agosto
del año citado por la que desestima en todas sus partes la
oposición hecha al expediente de dominio, con imposición de
costas y desembolsos a los opositores, ordenando que la infor-
mación de dominio continúe su curso legal como si tal oposi-
ción no hubiese sido presentada.

Contra esa sentencia interpuso la representación de los
opositores recurso de apelación para ante esta Corte Su-
prema y alega como motivos del recurso, que la corte inferior
cometió error al desestimar la oposición por el fundamento de
que los opositores no habían probado en manera alguna los
hechos esenciales de su oposición y al dictar sentencia en los
términos en que lo hizo, pues en su lugar debió dictarla de-
jando a las partes en libertad para dirimir y determinar sus
derechos en el juicio ordinario correspondiente, a cuyo fin
invoca en su defensa la sección 3ª. del artículo 395 de la Ley
Hipotecaria.

El artículo 395 de la Ley Hipotecaria en su regla 3ª., dis-
pone que el juez en el expediente de dominio oirá por escrito
sobre las reclamaciones y pruebas que se hubiesen presentado
al Ministerio Fiscal y a los demás que hayan concurrido al
juicio y en vista de lo que alegaren y calificando dichas prue-
bas con un criterio racional, declarará justificado o nó el
dominio de los bienes de que se trate.

Como se ve, y así lo dijimos al resolver el caso de *Díaz*

*et al.* v. *Waymouth,* 13 D. P. R., 332, ''* * * la declaración final de esa clase de expedientes [de dominio]debe reducirse a declarar el juez, después del examen que haya hecho de las alegaciones de las partes y calificando las pruebas presentadas con un criterio racional si los promoventes del informativo han justificado o nó su dominio sobre los bienes que pretenden inscribir, pero no sobre el dominio que otras personas puedan temer sobre esos mismos bienes, pues éste no es el objeto del informativo en el cual la misión del juez se reduce a oir las alegaciones y las pruebas de los que hayan comparacido en el expediente, para venir a declarar en definitiva si los promoventes del informativo han justificado o nó el dominio de los bienes que pretenden inscribir. Esto y nada más es lo que el juez puede declarar en esa clase de expedientes; otra cosa sería desnaturalizar la verdadera índole de las informaciones de esta índole, en las que los terceros interesados no pueden pretender que se hagan a su favor declaraciones de propiedad que requieren un juicio ordinario en que las partes controviertan su derecho ampliamente con arreglo a las formas y por los trámites que establece la Ley de Enjuiciamiento Civil vigente.''

Lejos de cumplir el juez con el precepto legal que dejamos citado declarando justificado o nó el dominio de la parcela de terreno de que se trata, se limitó a desestimar la oposición deducida ordenando que la información de dominio continuara su curso legal como si tal oposición no hubiese sido presentada, con cuyos pronunciamientos dicho juez dejó abierto el procedimiento en cuanto al promovente Herminio Pérez Vilanova y lo cerró en cuanto a los opositores, negándoles el derecho de oponerse al mismo.

La pretensión del promovente Herminio Pérez Vilanova y la oposición a ella por los que la impugnan, han debido terminarse por una sola resolución o sea por una que declarara justificado o nó el dominio del terreno de que se trata. Si se declaraba justificado el dominio, implícitamente se declaraba sin lugar la oposición, y si se declaraba no justificado el dominio, implícitamente se declaraba con lugar la oposición. Y

no cabe argüir que al desestimar el juez la oposición, tácitamente declaró justificado el dominio, pues el mismo juez expresamente ordenó que la información de dominio continuara su curso legal y dicho se está, por tanto, que no la aprobó.

El Juez no ha podido dividir la continencia de la causa apreciando las pruebas relativas a la oposición para desestimar ésta y reservarse el examen de las pruebas relativas a la justificación del dominio, pues ha debido apreciar conjuntamente todas las pruebas y llegar mediante su examen a la conclusión de si estaba o nó justificado el dominio. Tampoco podía ultimar el expediente con una resolución en que dejara a las partes en libertad, según pretende el apelante, para dirimir y determinar sus derechos en el juicio ordinario correspondiente.

El juez en la sentencia recurrida infringió no solamente la regla 3ª. del artículo 395 de la Ley Hipotecaria, sino también los artículos 188 y 193 del Código de Enjuiciamiento Civil que le imponían el deber de dictar decisión final sobre los derechos de las partes discutidos en el caso.

No es momento oportuno de discutir si el juez cometió o nó error en la apreciación de las pruebas al declarar sin lugar la oposición, pues tal punto legal sólo podrá discutirse cuando se dicte la resolución final correspondiente y venga ésta a nosotros, si viniere, en grado de apelación.

Procede la revocación de la sentencia apelada y que el juez dicte la que proceda atemperándose a la regla 3ª. del artículo 395 de la Ley Hipotecaria.

> *Revocada con instrucciones de que la corte inferior dicte la resolución que proceda de acuerdo con la opinión.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.